Wells Fargo Bank, N.A. v. Betit, No. 408-5-10 Rdcv (Teachout, J., Aug. 28, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                  **CIVIL DIVISION**
**Rutland Unit**                                              **Docket No. 408-5-10 Rdcv**


**WELLS FARGO BANK, N.A.**

**v.**

**KAREN J. BETIT, et al.**


## DETERMINATION OF COMPLIANCE and ORDER
### Foreclosure Mediation

In this foreclosure case, statutory foreclosure mediation was held on October 10, 2011, and a Mediation Report was filed October 14, 2011. By Entry Order of February 2, 2012, the Court scheduled a hearing to determine compliance with statutory obligations under 12 V.S.A. § 4633(a).

A hearing was held on March 29 and continued on May 1, and May 29, 2012 on the issue of whether Plaintiff has complied with its obligations under the foreclosure mediation statute. Plaintiff was represented by Sheldon Katz, Esq. Defendant Richard J. Paquette was represented by Lisa Chalidze, Esq. The Court heard only Plaintiff's evidence as well as legal arguments related to Plaintiff's position. The Court determined that the hearing would continue for the purpose of hearing evidence from Defendant only if Plaintiff's evidence and argument is sufficient to support a finding of compliance. Legal memoranda were filed by Plaintiff's attorney on April 4, April 26, and May 29, 2012, and by Defendant's attorney on April 19, May 11, and June 1, 2012.

The Mediation Report stated that no settlement was reached. The Mediator stated that no party failed to make a good faith effort to mediate, but that a party failed to "[s]upply the documentation, information or data as required by the Foreclosure Mediation Statute." Specifically, the Mediator reported that "Lender's position is that this FHA backed loan is ineligible for HAMP modification (because of delay in seeking modification) so no NPV calculation was run or provided."

The Court identified in its Entry Order of February 2, 2012 that a hearing was scheduled to determine compliance because "[i]t is not clear what the source is of the position that a delay caused ineligibility or whether, in taking that position, Plaintiff has fulfilled its obligations under the statute."

The HAMP-related "net present value" calculation (NPV) for purposes of determining eligibility for modification is a critical component of foreclosure mediation. 12 V.S.A. § 4633 (a)(1), (c), and (d)(2)(B) and (C). The statute further provides that

"where the mortgagee claims that a pooling and servicing or other similar agreement prohibits modification, the mortgagee shall produce a copy of the agreement." 12 V.S.A. § 4633 (a)(3). Furthermore, the obligation is not only to consider HAMP modification possibilities but "the mortgagee shall use and consider available foreclosure prevention tools, including reinstatement, loan modification, forbearance, and short sale, and . . .[HAMP guidelines and calculations]." 12 V.S.A. § 4633 (a)(1).

It was clear from the Mediator's Report that the Mediator had not been presented with documentation to demonstrate ineligibility for HAMP modification due to delay (and thus proper grounds for not providing an NPV calculation); rather, the Mediator simply reported that that was the position the mortgagee was taking. The purpose of the hearing scheduled by the Court was to determine whether there was a defensible basis for such a position and whether the mortgagee had complied with its obligations under the mortgage foreclosure statute given that no basis was provided. The Court expected that the mortgagee would be able to do at the hearing what had apparently not happened at the mediation session: identify a proper legal basis, whether by statute, regulation, investor-servicer agreement or otherwise, that made the borrower ineligible for a loan modification, and produce a copy of such an agreement to verify that there were proper grounds for not running or providing an NPV calculation.

At the hearing on March 29, 2012, Plaintiff's counsel represented that the loan was owned by FHA and presented testimony from a Wells Fargo loan adjuster that:

--FHA was the investor of the loan and Wells Fargo was the servicer;
--"FHA backed loans" do not qualify for HAMP if the loan is 12 months past due;
--the basis for that statement is FHA "regulations"/"guidelines" (the witness used or adopted both terms), which were admitted as Plaintiff's Exhibit 1; and
--the provision she relied on from Plaintiff's Exhibit 1 is a bullet point which reads "Arrearage cannot exceed 12 months PITI."

The Court did not find this sufficient. While the Court accepted the testimony that the loan was owned by FHA as an investor,[1] the so-called "regulations" relied on were a website summary description of the FHA-HAMP program, and not accepted by the Court as a defensible basis for a legal conclusion of ineligibility for modification and exemption from the obligation to run an NPV calculation. Because this entire process (foreclosure mediation report followed by judicial determination of compliance or noncompliance with obligations) is still relatively new, the Court continued the hearing to give mortgagee an opportunity to supplement its position.

---

[1] Defendant's counsel argued that at mediation the loan was never identified as one owned by FHA as an investor. Plaintiff's counsel stated that it was so identified, and subsequently stated that Defendant's counsel should have known that because the words "FHA" appear on the note and mortgage instruments. The Court accepts that the loan was identified at mediation as "FHA backed" as that was stated in the Mediation Report. However, what that actually means in terms of the legal relationship between FHA and Wells Fargo is still unclear. The Court accepted the witness testimony on March 29, 2012 that the loan was owned by FHA and Wells Fargo was the servicer, but subsequent legal argument indicates that the relationship may be different than that.

2

Plaintiff's counsel submitted a legal memorandum with attachments on April 4, 2012, identifying as the basis for ineligibility a statute, 12 U.S.C. §1715u, applicable to modifications of HUD loans, and represented that FHA is a subdivision of HUD. Also relied on is a July 30, 2009 Mortgagee Letter 2009.23 and specifically an attachment titled "Attachment—Guidelines for the FHA –Home Affordable Modification Program." Under the heading of "Eligibility—Mortgagors" is the following statement: "The existing FHA-insured mortgage is in default, but is not more than 12 full mortgage payments past due." At the continued hearing on May 1, 2012, Plaintiff's counsel relied on these as the basis of ineligibility. The hearing had to be continued on a later date due to lack of sufficient time to complete it.

On May 29, 2012, Plaintiff's counsel again relied on the statute, but this time clarified that FHA does not own the loan but insures it; that under the insurance program, insurance is only available for 12 months of delinquency, and that under the FHA version of HAMP, eligibility for modification is only for loans with less than 12 months of delinquency as set forth in Mortgagee Letter 2009.23. He also argued that the mortgagee met its obligations at the original mediation session because no one ever requested a copy of any "agreement" or document relied on for ineligibility, and that he told borrower's counsel that the FHA guidelines were on the website so that she had access to them.

As stated at the outset, the Court has so far considered only Plaintiff's evidence and arguments related to Plaintiff's position. Defendant's lawyer represented that there were factual challenges and defenses she wished to present, but the Court determined it would first decide whether Plaintiff's own evidence and argument supports its position that it met its obligations at the mediation session held on October 10, 2011.

The Court concludes that Plaintiff Mortgagee did not comply with its obligations under 12 V.S.A. § 4633 (a)(1) at the time of the mediation on October 10, 2011. During the three sessions of the hearing and in the six legal memoranda that have been filed, legal issues have been raised, but the scope of judicial determination of compliance with obligations under 12 V.S.A. § 4633 (a)(1) is limited and does not encompass resolution of all legal issues that may emerge during the course of a mediation session.

In this case, it is clear that at the session itself, the mortgagee simply stated that the loan was an "FHA backed" loan and that it was ineligible for modification because of an extended period of nonpayment, and that therefore Plaintiff declined to run or provide an NPV calculation. Plaintiff's counsel correctly notes that he informed Defendant's counsel and the mediator of this position a month before the mediation session in an email. (Exhibit C to Plaintiff's Motion and Memoranda filed April 4, 2012.) However, both statements were conclusory statements of position rather than explanations supported by documents or statutory references. While Plaintiff's counsel may have told Defendant's counsel that the FHA guidelines were on the website, that is not a sufficient means of satisfying the obligation to specify and support the basis of ineligibility. It wasn't until after the first hearing had been continued for further supplementation that Plaintiff's counsel produced the statute and Mortgagee Letter that mortgagee ultimately stated it was relying on.

3

The Court interprets the foreclosure mediation statute as requiring the mortgagee to be prepared to support at the mediation session, to the mediator and the borrower, any claim of ineligibility or exemption from providing an NPV calculation. It is not sufficient to make a conclusory statement, and leave to the borrower or borrower's counsel the homework of figuring out whether or not that is a defensible position. Here the Mediator noted in the report that documentary support for the claim of ineligibility and exemption was not provided at the session, and it took the scheduling of two hearings for it to be produced.

The Court takes no position on the validity of Plaintiff's position as to noneligibility for modification. The scope of inquiry in this context is whether Plaintiff met its obligations under the statute to identify the basis of its position that the loan was ineligible for modification.

One issue that emerges from this experience is worthy of attention. Suppose that at the session, Plaintiff's counsel produced the statute and the Mortgagee Letter as the basis for its position, and Defendant's counsel disputed as a matter of law whether they do in fact provide a valid basis for an exemption or ineligibility. In cases requiring close analysis and judicial resolution, the Court would not expect the Mediator to resolve the issue within the context of his or her Mediation Report; it may be that a motion would need to be filed with the Court. That is not what occurred here, however. In this case, the mortgagee's position was not sufficiently or accurately supported at the mediation session. The court interprets the statute as requiring the mortgagee to provide such support.

For the foregoing reasons, the Court determines, pursuant to 12 V.S.A. § 4635, that Plaintiff did not comply with its obligations at the time of foreclosure mediation, and that sanctions are warranted. 12 V.S.A. § 4635 (b). Reasonable sanctions in this case are the imposition on Plaintiff of attorneys' fees for all of the unnecessary work of Defendant's lawyer in attending the mediation session at which the claim of ineligibility was inadequately supported as well as the time spent attending the three sessions of hearing and preparing the three memos on the issue of sufficiency of compliance with obligations at foreclosure mediation.

Defendant's counsel shall submit a request for reasonable attorneys fees for such work by September 14, 2012. Plaintiff's counsel shall have 10 days to file any objection as to the reasonableness of the amount.

Dated this 27th day of August, 2012.

_____
Hon. Mary Miles Teachout
Superior Judge

4